UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 20-23** |
| v. | * | **SECTION: "A"** |
| **BRADLEY BRIGHT** | * | |
| | * | |

\* \* \*

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  JUN 04 2021

CAROL L. MICHEL
CLERK

### FACTUAL BASIS

The defendant, BRADLY BRIGHT, has agreed to plead guilty as charged to Count Three of the six-count Indictment. Count Three charges the defendant with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

Should this matter have gone to trial, the government would have proven, through the introduction of competent testimony and other admissible evidence, the following facts, beyond a reasonable doubt, to support the allegations in the Indictment now pending against the defendant:

On September 10, 2019, New Orleans Police Department Officers were conducting surveillance of a location near a store on Basin Street where various individuals frequently deal drugs. The Officers observed BRIGHT take money from someone and leave something on a window seal, which the person immediately grabbed. Based on their training and experience, the Officers believed this interaction to be a drug sale, with BRIGHT being the seller. In order to confirm their understanding of the observed interaction, the Officers stopped the suspected buyer shortly after the interaction with BRIGHT. They found a crack pipe and a user amount of crack, which later field tested positive as cocaine base.

After confirming that the interaction had in fact been a crack cocaine sale, the Officers then

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

tried to stop BRIGHT, who ran. Officers had had a visual on BRIGHT from the time of the sale until the attempted arrest. The Officers caught BRIGHT a block away, when BRIGHT fell to the ground. BRIGHT dropped a .40 caliber handgun, which was fully loaded with 15 rounds and which had previously been reported stolen. BRIGHT was not allowed to possess firearms at the time of this event because he was a convicted felon.

BRIGHT admits he possessed the handgun for protection while distributing crack, that is, he acknowledges that the possession of the weapon was in furtherance of a drug trafficking crime, namely the distribution of crack charged in Count One of the Indictment and described herein.

This proffer of evidence is not intended to constitute a complete statement of all facts known to the government, but rather is a minimum statement of facts intended to prove the necessary factual predicate for the guilty plea. The limited purpose of this factual basis is to satisfy the Court that there is a sufficient basis in fact for BRIGHT's guilty plea.

_____  6/4/2021
David Haller                 Date
Assistant United States Attorney

_____  6/4/21
Bruce Ashley                 Date
Attorney for Bradley Bright

_____  6-4-21
Bradley Bright               Date
Defendant

2